ACHA, PETITIONER, *v*. DISTRICT COURT OF PONCE, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of Ponce, Hon. Charles E. Foote, Judge.

No. 339.—Decided July 29, 1922.

PARTNERSHIP — CIVIL PARTNERSHIP — MERCANTILE PARTNERSHIP — LIABILITY OF PARTNERS.—In accordance with the provisions of the Civil Code the liability of a member of a civil partnership for the debts of the partnership is not identical with that fixed by the Code of Commerce for members of a mercantile partnership.

CERTIORARI—APPEAL.—If after a petition for a writ of certiorari is filed and before it is heard the lower court enters judgment and an appeal therefrom is perfected, the writ should be discharged, for by virtue of the appeal the petitioner will have full opportunity to assert his right, if any he have, to the relief sought by certiorari.

The facts are stated in the opinion.

*Messrs. L. Llorens* and *E. Rincón* for the petitioner.

The respondent did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In January, 1921, Emil Trautmann brought suit against the firm of Trautmann & Acha and the members thereof, George Trautmann and Eduardo Acha, alleging the said firm to be a mercantile partnership engaged in the exploitation of manganese and marble.

Eduardo Acha, on his own behalf "and as managing partner of the mercantile firm Trautmann & Acha," appeared

and answered, expressly alleging, among other things, in a counter-complaint:

"That the counter-complainant entered into a partnership with George Trautmann to engage in the business of exploiting minerals wherein the counter-complainant had an interest of 45 per cent and George Trautmann an interest of 55 per cent, the losses and profits to be shared in equal proportions."

On February 20, 1921, defendant Acha moved to quash an attachment upon grounds stated as follows:

"First: That the mover is a managing partner of the defendant partnership of Trautmann & Acha.

"Second: That the plaintiff herein, upon filing his complaint, moved for and obtained from the court, to secure the effectiveness of the judgment that might be rendered, an order of attachment upon the property of the defendants in a sum sufficient to cover the principal and costs, and pursuant to said order the plaintiff pointed out to the marshal as property upon which the attachment could be levied a house of the exclusive ownership of the mover which had not been contributed to the said partnership, the description of which is as follows: (Describing it.)

"Third: That an attachment was levied on the said property as aforesaid to secure the effectiveness of the judment when no judgment had yet been rendered herein, and therefore the time of its execution has not arrived, it being only then when the property of the exclusive ownership of the partners may be levied on and sold after a discussion of the property of the partnership."

The brief in support of this motion states, as the sole ground therefor, that "the attachment is premature, inasmuch as the time for the discussion of the property of the firm has not yet come when the creditor my proceed specially against the property of the partners which was not contributed to the firm."

In support of this proposition defendant relied entirely upon section 127 of the Code of Commerce and the interpretation thereof by the Supreme Court of Spain in its decisions of December 17, 1872; February 16, 1897, and June 23, 1903.

Counsel for plaintiff, in reply, cited the case of *Successors of M. A. Lamadrid & Co.* v. *Martorell,* 27 P. R. R. 551. The second appeal in the same case, reported at page 824, vol. 28 of P. R. R., had not at that time been decided.

The first paragraph of the statement made by the trial judge in giving his reasons for overruling this motion on March 24, 1921, reads as follows:

"This is an action of debt brought against the firm of Trautmann & Acha, a general partnership, and against its partners, George Trautmann and Eduardo Acha y Calimaño."

On July 5th Judge Rivera Zayas, who overruled the motion last above mentioned, having been succeeded by Judge Foote, defendant again moved to quash the attachment, setting forth the following:

"2nd. That although it is alleged in the complaint that the firm of Trautmann & Acha is a mercantile partnership, an allegation that has been denied in the answer, the fact is that it is a civil partnership constituted under the Civil Code of Porto Rico by a public instrument executed before the notary public of Ponce Eduardo Flores Colón on August 21, 1918, there being no clause in the said partnership contract making the partners liable *in solidum* for the debts contracted by the firm.

3rd. That the plaintiff, upon, filing the complaint herein, moved and obtained, to secure the effectiveness of the judgment that might be rendered, an order of attachment upon the property of the defendants in an amount sufficient to cover the principal and costs, and pursuant to said order the plaintiff pointed out to the marshal as property subject to the levy a house of the exclusive ownership of the mover which had not been contributed to the partnership, described as follows:

\*          \*          \*          \*          \*          \*          \*

"4th. That according to the allegations of the complaint herein, Emil Trautmann sues the firm of Trautmann & Acha and the partners constituting the same, George Trautmann and Eduardo Acha, for a certain sum of, money alleged to be owing by the said partnership to him as assignee of a credit on current account owed by the said firm to George Trautmann; and the allegation set up in the complaint and generally and specifically denied in the answer

that the said partnership was a mercantile firm was a malicious
allegation made for the express purpose of attaching the property
of the exclusive ownership·of the mover, which was not contributed
to the partnership.

\*       \*       \*       \*       \*       \*       \*

"6th. That in the month of February of the current year, or at
the initiation of this suit, the mover moved for a dissolution of the
attachment levied on the said house and the said motion was over-
ruled .by this court, but the whole argument was made upon the
erroneous theory that the private property of the managing 'partner
·not contributed to the firm could not be attached until after a
discussion of the property belonging to the firm, and the proposition
which is now raised to prove and discuss the point is entirely distinct,
that is, that the firm of Trautmann & Acha, as stated above, is a
civil partnership, and, in accordance with section 1600 of the Revised
Civil Code in force, the liability of the partners in this kind of
partnerships is not *in solidum.*

This motion was overruled on September 8, 1921.

On November 10, 1921, defendant Eduardo Acha, "on
his own behalf and as managing partner of the mercantile
partnership of Trautmann & Acha," filed an amended answer
in which, after a general denial, he set up as one of several
special defenses that "the partnership of Trautmann & Acha
is a civil partnership."

And in the counter-complaint the said defendant then
alleged:

"First: That the counter-complainant entered into a partnership
with George Trautmann to engage in the business of exploiting
minerals wherein the counter-complainant had an interest of 45
per cent and George Trautmann an interest of 55 per cent, the
losses and profits to be shared in equal proportions."

On December 3, 1921, defendant Eduardo Acha filed a
petition in this court for a writ of certiorari, alleging that
on June 17, 1921, Emil Trautmann had filed a complaint
as aforesaid, which is copied verbatim in the petition; that
in addition to the reattachment of certain property of the
firm in excess of the amount involved, levy had been made

upon a house, the private property of petitioner and forming no part of the firm assets; that on June 5, 1921, petitioner had filed a motion in the court below to set aside the attachment levied on the said house upon the ground that the firm of Trautmann & Acha being a civil partnership under section 1600 of the Civil Code, the partners were not severally liable and had presented as evidence the public instrument executed by the partners showing that the said firm is a civil partnership for mining purposes; that notwithstanding such evidence, the district judge, without any written opinion and wholly upon erroneous grounds, had overruled the said motion; that according to the law to secure the effectiveness of judgments, rulings made in attachment proceedings may be reviewed only on appeal from the final judgment, and that if petitioner should wait until the case should be finally decided, this would cause him irreparable injury by reason of the tardiness of the remedy.

Upon these representations issuance of the writ was ordered, and the record shows, in addition to the matters already mentioned, that subsequent to the filing of the petition in this court and prior to the issuance of the writ, judgment was entered in the court below in favor of plaintiff and against the defendant partnership after a trial at which none of the defendants appeared.

The record also shows that defendant Acha perfected an appeal not only from this judgment but also from the order overruling the motion to quash the attachment levied on the property of said defendant.

The only authority cited by counsel for petitioner is section 1600 of the Civil Code, which provides that members of a civil partnership are not severally liable for the debts of the firm.

Unquestionably the liability of a member of such a partnership with respect to the debts of the firm, under the Civil Code, is not identical with that imposed upon the member of

a mercantile firm in this regard by the provisions of the Commercial Code.

In *Co-Pitco* v. *Yulo,* 8 Phil. Rep. 544-45, the court says:

"The partnership of Yulo and Palacios was engaged in the operation of a sugar estate in Negros. It was, therefore, a civil partnership, as distinguished from a mercantile partnership. Being a civil partnership, by the express provisions of articles 1698 and 1137 of the Civil Code, the partners are not liable each for the whole debt of the partnership. The liability is *pro rata* and in this case Pedro Yulo is responsible to plaintiff for only one-half of the debt. The fact that the other partner, Jaime Palacios, had left the country can not increase the liability of Pedro Yulo.

In *Dietrick* v. *Freeman, etc.,* 18 *Idem,* 343, we find the following:

"The purpose for which this partnership was entered into by Freeman and Whitcomb shows clearly that such partnership was not a commercial one; hence the provisions of the Civil Code and not the Code of Commerce must govern in determining the liability of the partners. (Manresa, vol. 1, p. 184; Aramburo, Civil Capacity, 407, 432; Prautch v. Hernández, 1 Phil. Rep. 705; and Co-Pitco v. Yulo, 8 Phil. Rep. 544.)

And in *Bachrach* v. *La Protectora,* 37 *Idem,* 441-44, the same court says:

"The business conducted under the name of "La Protectora" was evidently that of a civil partnership, and the liability of the partners to this association must be determined under the provisions of the Civil Code. The authority of Marcelo Barba to bind the partnership, in the purchase of the trucks, is fully established by the document executed by the four appellants upon June 12, 1913. The transaction by which Barba secured these trucks was in conformity with the tenor of this document. The promissory notes constitute the obligation exclusively of "La Protectora" and of Marcelo Barba; and they do not in any sense constitute an obligation directly binding on the four appellants. Their liability is based on the fact that they are members of the civil partnership and as such, are liable for its debts. It is true that article 1698 of the Civil Code declares that a member of a civil partnership is not liable *in solidum* (solidaria-

mente) with his fellows for its entire indebtedness; but it results from this article, in connection with article 1137 of the Civil Code, that each is liable with the others (mancomunadamente) for his aliquot part of such indebtedness. And so it has been held by this court. (Co-Pitco v. Yulo, 8 Phil. Rep. 544.)

,  *.           *           *           *           *           *           *

"As to so much of the indebtedness as is based upon the claim for automobile supplies and accessories, it is obvious that the document of June 12, 1913, affords no authority for holding the appellants liable. Their liability upon this account is, however, no less obvious than upon the debt incurred by the purchase of the trucks; and such liability is derived from the fact that the debt was lawfully incurred in the prosecution of the partnership enterprise."

In the case at bar, however, we are invited to infer the civil character of the partnership in question from the articles of partnership, apparently construed repeatedly by counsel for petitioner during the early stages of the present controversy and covering a period of many months as constituting a mercantile partnership notwithstanding the characterization thereof as a civil partnership in the instrument itself. The conclusion suggested may be a logical deduction and perhaps inevitable, but no effort has been made to show this to be true or even to explain the contrary view first taken of the matter by counsel for defendant in the court below.

Again, the brief for petitioner simply assumes, without discussing any reason whatever for the hypothesis, that the mere fact of a civil partnership necessarily renders the property of individual members exempt from attachment notwithstanding the fact that they have been joined as defendants in a suit against the firm. It is not even suggested, nor was it intimated in the court below, that such joinder was improper or that the individual members are not jointly liable for the debts of the firm. Indeed, the brief proceeds definitely upon the theory that the individual members are

jointly liable in proportion to their respective interests under the articles of partnership.

We have been obliged on various occasions during the past year to call the attention of the bar to the fact that it is incumbent upon the party seeking to overturn the deliberate judgment of a district court not only to submit but to establish the soundness of any proposition relied upon for this purpose.

Petitioner will have ample opportunity on the appeal already perfected from the judgment below to develop this phase of the instant case and to show conclusively his right, if any, to the relief now sought herein.

The writ heretofore issued must be annulled.

*Writ discharged.*

Chief Justice Del Toro and Justice Aldrey concurred.

Justices Wolf and Franco Soto took no part in the decision of this case.